MAJOR v. WATSON, *Appellant.*

| 73 | 661 |
| 114 | 430 |
| 73 | 661 |
| 136 | 497 |

1. **County Surveyor**: EVIDENCE. A plat will not be received as evidence of a county surveyor's survey, unless it is certified to be either the original or a copy. A certificate by the surveyor that "the courses and distances are correctly laid down from official surveys made by me," without more, is insufficient.

2. **Judgment**: EVIDENCE. The record of a proceeding in the county court for changing the site of a road, is no evidence against a person not a party to the proceeding, upon a question of boundary between him and his neighbor.

3. **Land Surveys**: GOVERNMENT CORNERS: LOST CORNERS. The fact that a corner established by government surveyors was established in running a random line, and that it stands off of the township line, makes it none the less a government corner, to be observed and regarded in the location of other corners lost or destroyed.

4. ———: RE-ESTABLISHING LOST CORNERS. In re-establishing lost or destroyed corners, if no fixed monuments are called for in the field notes of the government surveyors, the courses and distances therein called for must prevail.

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

REVERSED.

*Wallace & Chiles* for appellant.

*Rathbun & Shewalter* for respondent.

NORTON, J.—This is an action of ejectment to recover a strip of land forty-four feet and seven inches wide off of the entire east side of the north half of northwest quarter of section 9, township 48, of range 25, in Lafayette county. Plaintiff obtained judgment, from which defendant has appealed, and assigned as error the action of the court in admitting improper evidence, and refusing proper, and giving improper instructions. Plaintiff and defendant were adjoining proprietors, plaintiff being the owner of the north half of the northwest quarter of section 9, township 48, range 25, and defendant being the owner of the north half of the northeast quarter of section 9, township 48, range 25, and the controversy in the case grows out of the question as to where the true boundary line was between plaintiff and defendant as such proprietors.

It appears from the record before us that all the section and quarter section corners to said section 9, established by the government survey, had been

1. COUNTY SUR-VEYOR: evidence. lost or destroyed, and hence it became necessary, in order to a settlement of the controversy, that the places where the said corners were located by the govern-

Major v. Watson.

ment surveyors should be ascertained. For this purpose, during the progress of the trial, plaintiff offered in evidence what purported to be a survey made by county surveyor Mock, in 1848, of the northeast quarter of section 8 adjoining section 9, in which latter section the land in dispute is located. This evidence was objected to by defendant on the ground that it was not a certified copy of any legal survey made by said Mock, nor was it authenticated as an original survey. The objection was overruled and the evidence received, and this action of the court is assigned for error. Section 13 of the General Statutes 1845, page 1044, in force at the time this survey was made, provides that a county surveyor shall keep a fair and correct record of all surveys made by himself and deputies in a book to be procured by him for that purpose, *     *     and shall deliver a copy of any survey to any person requiring the same, *     *     and section 11 of the same statute makes the survey of a county surveyor evidence. The only certificate to the survey offered in evidence, is as follows: "I certify that the courses and distances given in the above plats are correctly laid down from official surveys made by me." This certificate neither shows that the survey offered in evidence was a copy of the survey required to be kept by the surveyor, nor does it identify it as the original survey made by Mock, and for these reasons, we think, it was improperly received as evidence.

Plaintiff also offered the county court record showing a change in what is called the "Davis Mill road." This

2. JUDGMENT: evidence.

evidence was received over the objection of defendant, and in this, we think, the court erred. The defendant was no party to that proceeding, and the evidence was inadmissible for the purpose of showing where (in the estimation of those who executed the order of the court making the change) the boundary line between plaintiff and defendant was located.

We think error was also committed by the court in refusing the instructions asked by defendant requiring what

3. LAND SURVEYS: is called in the evidence, the "Mulkey cor-
government cor-
ners: lost corners. ner" on the township line between townships
48 and 49 to be taken into consideration in locating, in con-
nection with the field notes, section corners in township
48.    That the so-called Mulkey corner was established
and planted by the government surveyors, does not admit
of question according to the evidence.    It was shown to be
such by the evidence of an early settler, who saw it
marked as such when the government survey was made,
and was proven to be such by bearing the test of measure-
ment (according to the evidence of Surveyor Lockhart)
from two existing government corners north of it, one
being a half mile and the other one mile distant.    The
fact that this corner was established in running a random
line, and that it stands south of the township line, makes
it none the less a government corner, to be observed and
regarded in the location of other corners lost or destroyed.
*McClintock v. Rogers*, 11 Ill. 279.

The field notes of the government surveyors in sec-
tionizing township 48, call for the section corner between
4. ——: re-estab- sections 2 and 3 on the township line at a
lishing lost cor-
ners. point seventy links west of the "Mulkey cor-
ner," and for the section corner between sections 3 and 4
on said township line fifty links west of the government
section corner between sections 33 and 34 in township 49,
and for section corner between sections 4 and 5 on town-
ship line 176 links west of the section corner between sec-
tions 32 and 33 in township 49.    The corners thus called
for are gone, and there being no fixed monuments called
for in the field notes, the courses and distances therein
called for must prevail in establishing such corners.    It
appears from the evidence of Mr. Lockhart, county sur-
veyor, that in the survey made by him he entirely disre-
garded the field notes in the call for corners on the township
line between townships 48 and 49, and ran his line at a
variation of seven degrees, when the lines run by the gov-
ernment were run at a variation of eight degrees.    The

survey spoken of by him in his evidence as having been made by Surveyor Bliss, seems to have been made more in conformity with the rules laid down in Lester's Laws and Regulations, pages 715, 720, 723, than that made by Lockhart. The primary object to be attained in the establishment of lost corners is to put them, if practicable, in the exact spot they were put by the government, and this object can best be accomplished when all traces of the corners are gone and there is no fixed monument called for, by observing the courses and distances called for in the field notes of the original government survey. Judgment reversed and cause remanded, in which all concur.